J^LEON A. CANNIZZARO, JR., Judge.
The defendant, Travon Williams, was convicted of possession of a firearm by a convicted felon. He is now appealing his conviction on the ground that he was denied effective assistance of counsel at his trial.
STATEMENT OF THE CASE
Mr. Williams was charged with one count of possession of a firearm by a convicted felon and with one count of possession of cocaine. At his arraignment, Mr. Williams pled not guilty to both counts. He subsequently filed a motion to suppress the evidence, which was denied. The State then severed the charges against Mr. Williams, and he did not object. When he was first scheduled to be tried on the charge of possession of a firearm by a convicted felon, a mistrial was declared before jury selection was completed. Another trial was scheduled, and at that trial, a jury of twelve people returned a verdict of guilty as charged. Mr. Williams filed a motion for a new trial and a motion for a post-verdict judgment of acquittal, both of which were denied. Mr. Williams was sentenced to serve thirteen years at hard labor without the benefit of probation, pa *654 role, or suspension of sentence, and he was also ordered to pay a $1,000 fine.
[¡.Several days after he was sentenced, Mr. Williams withdrew his plea of not guilty with respect to the charge of possession of cocaine, and he pled guilty. He was sentenced to serve thirty months at hard labor and then charged under the Habitual Offender Law, La. R.S. 15:529.1, with being a second felony offender. His original thirty-month sentence was vacated, and he was re-sentenced to thirty months at hard labor to run concurrently with the sentence he received in connection with his conviction of possession of a firearm by a convicted felon.
STATEMENT OF THE FACTS
New Orleans Police Department (“NOPD”) Officer Valentine Emery, III and his partner, NOPD Officer Michael Sinegar, were in their marked police car patrolling the 1200 block of Louisa Street in New Orleans. They were on patrol, because there had been a high incidence of armed robberies in the area. The officers had just turned onto Louisa Street when they saw Mr. Williams walking on the sidewalk. He turned, apparently noticed the police car, turned back around, and clutched an object that was in his waistband. Mr. Williams continued walking, but at the same time he continued to look back at the approaching police car.
Officer Emery, who was driving the police car, reduced its speed. When the police car was within fifteen feet of Mr. Williams, Mr. Williams suddenly turned around and began running. During the entire time he was running, Mr. Williams clutched the object in his waistband. Because Officer Emery believed that Mr. Williams was concealing a handgun in his waistband, Officer Emery exited the police car and began chasing Mr. Williams on foot. During the chase, Mr. Williams stumbled, and Officer Emery saw Mr. Williams remove a handgun from his waistband and drop it to the ground. After Mr. Williams fell, Officer Emery handcuffed him and seized the weapon. By this time, Officer Sinegar had arrived 13on the scene, and he took possession of the gun. After Officer Emery advised Mr. Williams of his rights, Officer Emery searched him and found nineteen pieces of crack cocaine in Mr. Williams’ pocket.
When Mr. Williams’ counsel cross-examined Officer Emery at trial, he tried to get Officer Emery to admit that Mr. Williams had actually been with two other people when he was running away from Officer Emery. Officer Emery, however, testified that Mr. Williams had been alone. Also, Mr. Williams’ counsel questioned Officer Emery concerning why he, rather than Officer Sinegar, chased Mr. Williams when he ran. Officer Emery testified that he initiated the chase, even though he was the driver of the police car, because Mr. Williams was running on the same side of the street as the driver’s side of the car. Additionally, on cross-examination Mr. Williams’ counsel elicited testimony from Officer Emery that he had not observed Mr. Williams engaging in any particular illegal activity and that he and his partner were not in the area they were patrolling in response to any specific complaint. Officer Emery further testified on cross-examination, however, that based on his experience as a police officer, he believed that the object Mr. Williams was clutching in his waistband was a gun, because hiding a gun in one’s waistband is a frequently used method of concealing a weapon.
NOPD Officer Jay Jacquet testified at trial for the purpose of proving that Mr. Williams had been previously convicted of a felony. The parties stipulated that Officer Jacquet was an expert in taking, examining, and comparing fingerprints. Officer *655 Jacquet testified that he had compared Mr. Williams’ known fingerprints with those found on the back of a bill of information in a case in which he had |4previously pled guilty.[1] Officer Jacquet also testified that the fingerprints on the bill of information and Mr. Williams’ known fingerprints matched and that both sets of fingerprints belonged to Mr. Williams.
The defense presented no witnesses at trial. After deliberating, the jury found Mr. Williams guilty as charged.
ERRORS PATENT
We have reviewed the record in this case, and we have found one error patent. La.C.Cr.P. art. 873 provides as follows:
If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.
In State v. Augustine, 555 So.2d 1331, 1334 (La.1990), the Louisiana Supreme Court held that the trial court’s failure to observe the twenty-four hour delay did not constitute harmless error even where the defendant failed to raise that issue on appeal. In Augustine, however, the defendant did challenge his sentence on appeal. The Supreme Court, therefore, held that the error in Augustine was not harmless.
In State v. Collins, 584 So.2d 356 (La. App. 4 Cir.1991), this Court discussed the Augustine case as follows:
In State v. Augustine, 555 So.2d 1331 (La.1990), the Supreme Court held that the trial court’s failure to observe the twenty-four hour delay did not constitute harmless error, even if the defendant did not raise that issue as error on appeal, where the defendant challenged his sentence on appeal. In the present case, defendant | ¡¡does not challenge his sentence and he does not raise as error the failure of the trial court to wait twenty-four hours before imposing sentence. Therefore, the error is harmless.
584 So.2d at 359.
In the instant case the trial court imposed the original sentence for Mr. Williams’ conviction of possession of a firearm by a convicted felon immediately after denying Mr. Williams’ motions for a new trial and a post-verdict judgment of acquittal. Because there is no indication in the record that Mr. Williams waived the delay required under La.C.Cr.P. art. 873, the failure to comply with that article is an error patent.
In the instant case, however, Mr. Williams has not challenged his sentence, and he does not raise as error the failure of the trial court to wait twenty-four hours before imposing sentence. Therefore, this error is harmless under this Court’s ruling in the Collins case. See also, e.g., State v. Burbank, 2001-0831, p. 7 (La.App. 4 Cir. 2/27/02), 811 So.2d 1112, 1117; State v. Green, 92-2700, p. 3 (La.App. 4 Cir. 3/15/94), 634 So.2d 503, 506, rev’d on other grounds, 94-0887 (La.5/22/95), 655 So.2d 272.
DISCUSSION
Assignment of Error
Mr. Williams has made only one assignment of error on appeal. In this assign *656 ment, he alleges that his trial counsel was ineffective, because his counsel failed to object to the introduction of other alleged crimes into evidence. Specifically, Mr. Williams contends that his trial counsel should have objected to the testimony regarding the nineteen pieces of crack cocaine found in his possession at the time of his arrest. Although Mr. Williams’ trial counsel did object [ fito the introduction of the cocaine into evidence, he did not object to Officer Emery’s testimony that the cocaine was seized.
With regard to raising on appeal a claim of ineffective assistance of counsel, the Louisiana Supreme Court stated in State v. Prudholm, 446 So.2d 729 (La.1984), that a “defendant’s remedy is through post conviction relief in the trial court where the quality of the attorney’s assistance can be fully developed and explored”. Id. at 737. In State v. Ratcliff, 416 So.2d 528 (La.1982), however, the Louisiana Supreme Court determined that “[sjince the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy we will address the issue now”. Id. at 530. See also State v. Seiss, 428 So.2d 444 (La.1983). In the instant case, this Court finds that an evidentiary hearing at the trial court level is not necessary, because the record before us is sufficient for the determination of counsel’s effectiveness at trial.
Determining Counsel’s Effectiveness
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court of the United States articulated the test for determining the effectiveness of a criminal defendant’s counsel as follows:
A convicted defendant’s claim that counsel’s assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence |7resulted from a breakdown in the adversary process that renders the result unreliable.
466 U.S. at 687, 104 S.Ct. at 2064.
Louisiana courts have adopted the two prong test established in the Strickland case for determining the effectiveness of counsel. See, e.g., State v. Fuller, 454 So.2d 119 (La.1984); State v. Wilson, 2000-1736 (La.App. 4 Cir. 11/14/01), 803 So.2d 102.
In State v. LaCaze, 99-0584 (La.1/25/02), 824 So.2d 1063, the Louisiana Supreme Court discussed the effective assistance of counsel that a criminal defendant is afforded. The Supreme Court stated as follows:
A criminal defendant is guaranteed the effective assistance of counsel. U.S. Sixth Amendment; La. Const, art. I § 13. To prevail on a claim of ineffective assistance, a defendant must demonstrate (1) that his attorney’s performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that counsel’s errors or omissions resulted in prejudice so great as to undermine confidence in the outcome. The Sixth Amendment does not guarantee “errorless counsel [or] counsel judged ineffective by hindsight,” but counsel reasonably likely to *657 render effective assistance. Judicial scrutiny must be “highly deferential” and claims of ineffective assistance are to be assessed on the facts of the particular case as seen from “counsel’s perspective at the time,” hence, courts must indulge “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance. ”
99-0584 at p. 20; 824 So.2d at 1078-79 (footnotes omitted and emphasis added).
Evidence of Other Crimes
In support of his contention that he was denied effective assistance of counsel at trial, Mr. Williams argues that Officer Emery’s testimony that he seized crack cocaine from Mr. Williams when he was arrested was irrelevant to the charge of possession of a firearm by a convicted felon and was highly prejudicial. Mr. IsWilliams also argues that the state failed to give the defense prior notice that the state intended to introduce evidence relating to the seizure of the crack cocaine. The state, however, argues that the seizure of the cocaine occurred during a search incidental to Mr. Williams’ arrest on the charge of possession of a firearm and was, therefore, an integral part of the act for which Mr. Williams was arrested.
La. C.E. art. 404(B)(1) provides in relevant part as follows:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412 [relating to sexual assault cases], evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to the conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
(Emphasis in original and emphasis added).
In State v. Taylor, 2001-1638 (La.1/14/03), 838 So.2d 729, the Louisiana Supreme Court discussed the admission of evidence of other crimes pursuant to La. C.E. art. 404(B)(1) as follows:
Res gestae events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them.... The res gestae doctrine in Louisiana is broad and includes ... testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of event is evident under the circumstances .... [IJntegral act (res gestae) evidence in Louisiana incorporates a rule of narrative completeness without which the state’s case would lose its “narrative momentum and cohesiveness, ‘with power not only to support conclusions but to ^sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.’ ”
2001-1638, p. 10-11; 838 So.2d at 741-42 (quoting State v. Colomb, 98-2813 (La.10/1/99), 747 So.2d 1074, quoting Old Chief v. United States, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)) (citations omitted).
In the Colomb case the facts were similar to those in the instant case. In Colomb the defendant was arrested after the police *658 saw him standing at the open door of his van surrounded by individuals familiar to the police because of their illegal drug activities. The defendant was arrested for possession of a firearm by a convicted felon and for possession of marijuana. At his trial on the charge of possession of a firearm, the arresting officers testified that after they found the firearm on the floorboard of his van, the defendant lifted his shirt, revealing a bag of marijuana that he admitted was his. In Colomb the Supreme Court stated that “[t]his court has long approved of the introduction of other crimes evidence, both under the provisions of former R.S. 15:448 relating to res gestae evidence and as a matter of integral act evidence under La. C.E. art. 404(B) ....” 98-2813, p. 3; 747 So.2d at 1075.
Analysis
This Court finds that the evidence of Mr. Williams’ possession of cocaine at the time of his arrest for possession of a firearm by a felon was admissible under La. C.E. art. 404(B)(1) as integral act evidence. Therefore, Mr. Williams’ trial counsel was not ineffective for failing to object to the introduction of admissible evidence, and he passed muster under the two prong test set forth in the Strickland case. He certainly made no errors so serious that counsel was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. Additionally, any | ^deficiencies that occurred in trial counsel’s conduct during the trial were not such that they prejudiced the defense of the case. Mr. Williams’ claim that his trial counsel was ineffective is without merit.
Mr. Williams also argues that the evidence of the cocaine he possessed at the time of his arrest could not be introduced into evidence, because the state did not provide reasonable advance notice of the nature of the evidence that it intended to introduce at trial. Mr. Williams bases his argument on La. C.E. art. 404(B)(1). Mr. Williams’ argument is without merit, however, because the state must give advance notice of evidence of other crimes that the state plans to introduce only when the evidence is to be used as proof of “motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident.” In the instant case the evidence of other crimes was introduced, because it was an integral part of the act that was the subject of the instant case. Therefore, advance notice was not required. See State v. Belgard, 410 So.2d 720 (La.1982).
CONCLUSION
Based on the foregoing, we find that the error patent in this case is harmless and that Mr. Williams was not denied effective assistance of counsel. Therefore, Mr. Williams’ conviction and sentenced are affirmed.
AFFIRMED.

. Mr. Williams was previously convicted for the crimes of simple burglary and illegal possession of stolen things valued at over $500.